IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAVOUN A. BERRY, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal No.: 99-15 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

MEMORANDUM ORDER

CONTI, District Judge.

Pending before the court is a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 103) ("defendant's motion") filed by defendant Shavoun A. Berry ("Berry" or "defendant"). Upon reviewing defendant's motion, defendant's brief in support of defendant's motion (Docket No. 104), and the government's opposition to defendant's motion (Docket No. 107), the court will DENY defendant's motion for the reasons set forth herein.

*Background*

On November 16, 1999, a federal grand jury returned an indictment charging Berry and Cortez Jordan ("Jordan") with four counts of criminal acts. (Docket No. 1.) The charges stemmed from dealings in crack cocaine.

Count one charged Berry and Jordan with conspiracy to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. § 846. Berry was not named in counts two or three but was named as the sole defendant in count four, which charged Berry with possessing with the intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). A four-

count superseding indictment was returned on December 14, 1999, charging the same violations. (Docket No. 19.)

On April 24, 2000, Berry withdrew his earlier plea of not guilty and entered a plea of guilty to count one. (Docket No. 49.) Count four was later dismissed upon motion by the United States. (Docket No. 62.)

Prior to sentencing, defendant filed a motion for downward departure in which he argued that the application of the career offender provision substantially overstated the seriousness of his criminal history pursuant to section 4A1.3 of the United States Sentencing Guidelines (the "Sentencing Guidelines" or "guidelines"). (Docket No. 57.) At the sentencing hearing on August 28, 2000, the district court rejected defendant's argument and determined that Berry was a career offender under section 4B1.1 of the Sentencing Guidelines based upon earlier drug trafficking convictions. In response to this finding, the court determined Berry's offense level under the guidelines to be thirty-four, pursuant to section 4B1.1. The adjusted offense level was reduced to thirty-one, because of Berry's acceptance of responsibility. As a career offender, Berry's criminal history category was determined to be Category VI which corresponds to a sentence range of 188-235 months. (Docket No. 65.)

Defendant was sentenced to a term of imprisonment of 188 months. (Id.) In determining the length of the sentence, the court accepted the factual findings and the application of the Guidelines in the pre-sentence report. (Id.) The sentence imposed was the lowest possible sentence within the guideline range and the district court concluded there was no legal basis for departure. (Id.)

On November 5, 2001, defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. (Docket No. 73.) The motion to vacate was transferred to a magistrate judge. (Docket No. 74.)

On November 14, 2001, the magistrate judge summarily denied the motion without need for a response. (Docket No. 75.)

Berry filed a notice of appeal on January 28, 2002. (Docket No. 78.) On November 5, 2002, the Court of Appeals for the Third Circuit directed that the application for a certificate of appealability be denied. (Docket No. 93.)

On October 13, 2008, defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c). (Docket No. 103.) In his motion, Berry argued that the career offender status at the time of his original sentencing "substantially overrepresent[ed] the seriousness of defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S. SENTENCING GUIDELINES MANUAL § 4B1.3(b)(1). In addition, Berry argued that he is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon amendment 706.

*Standard of Review*

Generally, a district court may not alter a criminal sentence of punishment once it has been imposed. United States v. Wise, 515 F.3d 207, 220 (3d Cir. 2008). If the defendant's sentence, however, was based upon a sentencing range under the United States Sentencing Guidelines (the "Sentencing Guidelines" or "guidelines") that has been subsequently lowered, then the court may reduce the defendant's term of imprisonment, provided the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The applicable policy statement is found at section 1B1.10 of the Sentencing Guidelines. It states that a reduction is warranted where the applicable guideline range has subsequently been lowered as the result of one of the guideline amendments listed in section 1B1.10(c). U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 (2007). If the sentencing range is

not reduced by a listed amendment, then, under § 3582, the defendant is not eligible for a reduction in sentence. Even if eligible for a reduction, § 3582(c)(2) does not provide for a "full de novo resentencing." United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997). The amended sentencing guideline provision is substituted for the corresponding provision, and all other guideline application decisions are not altered. Id.

*Discussion*

Although defendant's motion was filed under 18 U.S.C. § 3582(c) and he moves the court for a sentence reduction "[i]n light of the amendments to U.S.S.G. § 2D1.1," the court understands defendant's motion to advance three arguments. Defendant argues that amendment 706 to the Sentencing Guidelines entitles him to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). He also contends that the career offender status at the time of the original sentencing substantially overrepresented his criminal history and likelihood of committing future crimes and would have entitled him to a downward departure pursuant section 4A1.3(b)(1) of the Sentencing Guidelines, but due to the ineffectiveness of his counsel this argument was not presented before the sentencing judge. Finally, defendant argues that the Sentencing Guidelines should be treated as merely advisory and that sentencing courts are to consider all relevant sentencing factors under 18 U.S.C. § 3553(a). Each argument will be addressed.

**I. Sentencing Guidelines Amendment**

On November 1, 2007, amendment 706 to the Sentencing Guidelines became effective. The amendment addressed the disparity between sentences for crimes involving the possession of crack cocaine versus powder cocaine; the amendment was given retroactive effect under section 1B1.10 of the guidelines. In situations in which the amendment applies, it has the effect

4

of retroactively reducing the base offense level of a previously-sentenced defendant, and consequently reducing the term of imprisonment.

At sentencing, the court determined that Berry was a career offender under section 4B1.1 of the Sentencing Guidelines, due to prior convictions for drug trafficking offenses. Because of this finding, the court found Berry's base offense level was thirty-four pursuant to section 4B1.1. The offense level was reduced to thirty-one, because of Berry's acceptance of responsibility. As a career offender, Berry's criminal history category was determined to be Category VI. The corresponding sentence range was 188-235 months. (Docket No. 65.)

The Sentencing Guidelines policy statement provides that:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b) (2007). The court cannot revisit any sentencing determinations other than those affected by amendment 706. Although the amendment would reduce a defendant's applicable base offense level under section 2D1.1 of the Sentencing Guidelines, the career offender determination under section 4B1.1 is not affected by the amendment. Since defendant's sentencing range was based upon section 4B1.1, and not section 2D1.1, his sentence cannot be reduced.

In United States v. Mateo, 560 F.3d 152 (3d Cir. 2009), the defendant pled guilty to distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). The sentencing court, in

calculating the applicable sentencing guideline range at sentencing, determined the defendant's base offense level under section 4B1.1, because the defendant had at least two prior felony drug convictions for controlled substance offenses and crimes of violence. Id. at 153. The defendant's status as a career offender under section 4B1.1 mandated a base offense level of thirty-four. Id. at 154. After a three-level downward departure for acceptance of responsibility, the defendant's total offense level was thirty-one. Id. at 153. The defendant's criminal history category was VI. Id. Based upon the total offense level and criminal history category, the Sentencing Guidelines recommended a range of 188-235 months imprisonment, and the district court sentenced the defendant to 188 months. Id. at 154. The defendant later filed motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) on the basis of amendment 706 to the guidelines, and the district court denied the motion. The defendant appealed. Id. The Court of Appeals for the Third Circuit held that the defendant was not entitled to a sentence reduction under amendment 706 because there was no change to the defendant's recommended sentencing range of 188-235 months, since amendment 706 only altered section 2D1.1 and the defendant's range resulted from his status as a career offender under section 4B1.1. Id. at 155.

As in Mateo, defendant is not entitled to a sentence reduction under amendment 706 because the amendment does not affect the applicable sentence range of 188-235 months imprisonment. Similar to the defendant in Mateo, Berry's sentencing range was based upon his status as a career offender due to past drug trafficking crimes; defendant's term of imprisonment cannot be reduced under 18 U.S.C. § 3582(c)(2) because amendment 706 does not have the effect of changing the sentencing range that defendant's original sentence was based upon. Therefore, Berry's term of imprisonment cannot be reduced pursuant to 18 U.S.C. § 3582(c)(2) on the basis of amendment 706.

**II. Ineffective Assistance of Counsel**

Defendant argues that "career offender status at the time of his original sentencing 'substantially overrepresent[ed] the seriousness of defendant's criminal history or the likelihood that the defendant will commit other crimes.'" (Docket No. 104 (citing U.S. SENTENCING GUIDELINES MANUAL § 4B1.3(b)(1) (2007)).) Defendant contends that the sentencing judge seemed inclined to grant the downward departure, but his counsel was ineffective for failing to argue for a departure on that basis. Defendant argues this entitles him to be re-sentenced.

Defendant's motion is filed pursuant to 18 U.S.C. § 3582(c)(2); § 3582 does not afford defendant a basis for relief on his claim of ineffective assistance of counsel. See United States v. Villa, No. 98-10002, 1998 WL 413947, at *1 (5th Cir. June 17, 1998) (holding that ineffective assistance of counsel arguments are not cognizable in a § 3582(c)(2) motion); United States v. Smartt, 129 F.3d 539, 542-43 (10th Cir. 1997) (rejecting a defendant's argument of ineffective assistance of counsel in a § 3582(c) motion, and directing the defendant to raise the argument in a habeas corpus petition under 28 U.S.C. § 2255); United States v. Robinson, No. CIV.A. 93-138-06, 2002 WL 2023877, at *3 (E.D. Pa. Sept. 4, 2002) (noting that a claim of ineffective assistance of counsel is properly raised in a 28 U.S.C. § 2255 petition, as opposed to a § 3582 motion). Defendant's ineffective assistance of counsel claim would more appropriately be brought before the court pursuant to 28 U.S.C. § 2255. Under § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside or correct the sentence upon the ground that "*the sentence was imposed in violation of the Constitution* or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (emphasis added).

Even though defendant's ineffective assistance argument would be appropriately characterized as claim pursuant to § 2255, doing so is futile in this situation. Defendant previously filed a § 2255 petition on November 5, 2001, which was denied on November 14, 2001, making this a second § 2255 petition. A second or successive § 2255 petition must be approved by the Court of Appeals for the Third Circuit before it can be filed. 28 U.S.C. § 2255(h) ("[a] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence . . .; or (2) a new rule of constitutional law . . . ."). Because defendant's ineffective assistance of counsel argument has not been certified, the court denies his motion to the extent he argues he is entitled to be re-sentenced because of the assistance of counsel at sentencing.

**III. Argument With Respect to the Advisory Nature of the Guidelines**

Berry cites three Supreme Court decisions, <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), <u>Gall v. United States</u>, 128 S. Ct. 586 (2007), and <u>United States v. Booker</u>, 543 U.S. 220 (2005), for the proposition that the Sentencing Guidelines are merely advisory, rather than mandatory. Although the guidelines are not binding on the court at sentencing, the court is bound by § 3582(c)(2) in this situation. A previously-imposed sentence may only be reduced in those situations specified in § 3582(c)(2), and the court has already discussed defendant's motion under that section in the context of amendment 706.

To the extent defendant is arguing that the guidelines are merely advisory, and for that reason the court is not bound by the policy statement of section 1B1.10 of the guidelines that limits the application of 18 U.S.C. § 3582 to those situations in which a retroactive amendment lowers the advisory sentencing range, the court again turns to <u>United States v. Mateo</u>. In that case, the Court of Appeals for the Third Circuit determined that adherence to the policy

8

statement in section 1B1.10 does not violate the advisory nature of the guidelines.  Mateo, 560 F.3d at 156.  In addition, the court of appeals determined that Kimbrough would not assist the defendant "because it too left unchanged the requirements for reduction of sentence under § 3582(c)(2)."  Id. at 156.  It follows that the argument defendant advances in reliance on Kimbrough, Gall, and Booker does not entitle him to a sentence modification.

*Conclusion*

AND NOW, this 22nd day of June, 2009, upon consideration of defendant's motion for sentencing level reconsideration pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 103), defendant's brief in support of defendant's motion (Docket No. 104), and the government's response in opposition (Docket No. 107), IT IS HEREBY ORDERED that defendant's motion is DENIED.

    By the court:

    /s/ JOY FLOWERS CONTI
    Joy Flowers Conti
    United States District Judge

cc:    Counsel of Record